IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO.: WDQ-08-0348

TANYA MACK

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On July 24, 2008, Tanya Mack and others[1] were charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. For the following reasons, Mack's motion to suppress wiretap evidence and *pro se* petition for writ of habeas corpus was denied, her motions to adopt and file unspecified motions will be denied, and the Government's motion in limine to admit Mack's prior convictions will be granted.

I. Background

In 1995, the Harford County Narcotics Task Force and the Drug Enforcement Administration began investigating the drug trafficking of Mack and others (the "Mack Organization"). ECF No. 218 at 2. In 2001 and 2004 in the Circuit Court for Harford County, Mack pled guilty to possession with intent to distribute

---

[1] Candis Mack, Winston Mack, Fernando Settles, and Derrick Prather. On March 6 and December 15, 2009, Candis Mack and Derrick Prather pled guilty; on April 10, 2009, Winston Mack and Fernando Settles were convicted by a jury. ECF Nos. 82, 159, 102-03.

narcotics.  ECF No. 224 at 2-3.[2]

On January 22, 2008, investigators submitted an affidavit to the Circuit Court for Harford County describing controlled drug purchases from December 2007 to January 2008 arranged through phone numbers used by Mack and others.  *Id.*, Ex. 1 at 42-58.  The circuit court authorized wiretaps on phones used by Mack, Winston Mack, and others.  On March 5, 2008, based on the intercepted calls, investigators executed search warrants at the homes of the Organization members.  ECF No. 218 at 3.  Seized from Mack's residence was her mail, a scale with suspected cocaine residue, cutting agents, and baking soda.  *Id.*

On July 24, 2008, Mack and other Mack Organization members[3]

---

[2] During the searches and seizures that led to both charges, Mack was inside the residences being searched, and crack cocaine and other drugs were found.  ECF No. 224 at 2.

[3] On January 20, 2009, Winston Mack moved to suppress the wiretap evidence.  He asserted that the January 22, 2008 affidavit failed to show probable cause to support the wiretap order.  ECF No. 69.  On April 9, 2009, during Winston Mack and Fernando Settles's trial, the Court denied that motion; after describing the controlled-purchase calls that were transcribed in the affidavit, the Court stated:

> Counsel, that looks to me like probable cause that the telephone numbers were being used in narcotics distribution.  Accordingly, the Motion to Suppress as to the wiretap evidence is denied.

ECF No. 191 at 14:9-15:2.  On April 10, 2009, after a five-day trial, Winston Mack and Fernando Settles were convicted of possession with intent to distribute cocaine and conspiracy to distribute cocaine.  ECF Nos. 102, 103.

were indicted for conspiracy to distribute cocaine.  ECF No. 1.[4]
A bench warrant for Mack was issued on July 25, 2008.  ECF No. 8.

On September 30, 2009, five months after her co-defendants' trial, Mack was arrested in New Jersey on the outstanding bench warrant.  ECF No. 141.  She was "remanded [to this Court] based on grounds of . . . flight."  *Id.*, Ex. 2 (Order of Detention).  On December 8, 2009, Mack made her initial appearance before Judge Paul W. Grimm, who informed her of her rights.  ECF No. 153.  On December 15, 2009, William Lawrence Welch, III, was appointed to represent her.  ECF No. 162.

On January 28, 2010, Mr. Welch requested that Mack's mental competency be evaluated because she refused to meet him and stated that she was "not subject to the jurisdiction of the [C]ourt," and did "not wish to contract."  ECF No. 172 at 2.  Mack also claimed that she belonged to the "El Bey Bagby" empire, and wished to be addressed as "Season El-Bey."  *Id.* at 2-3.

That day, Mack--by Mr. Welch--filed a motion to suppress all her statements obtained by wiretap.  ECF No. 173.  She also moved to adopt other defendants' motions, ECF No. 174,[5] and to file additional motions, ECF No. 175.

On April 29, 2010, Mack sent a letter to the Court stating

---

[4] On March 5, 2009, a superseding indictment was returned, which was identical to the original as to Mack.  ECF No. 79.

[5] Mack has not specified which motions she moves to adopts.

3

her refusal of Mr. Welch's representation, and that she had given her power of attorney to "Crown Emperor El Bigbay." ECF No. 215 at 1.[6]

On June 14, 2010, a New York forensic psychologist evaluated Mack, opining that she was competent to stand trial, had no serious mental illness or defect, and "appear[ed] to be using an idiosyncratic defense." Competency to Stand Trial Evaluation 3, June 14, 2010.

On August 20, 2010, Mack filed a *pro se* petition for "writ of habeas corpus," asserting the lack of jurisdiction over her because she is a Moorish Science Temple member. ECF No. 207 at 1.

After status calls with Mr. Welch, who indicated that Mack refused to talk to him, the Court referred the case to Judge Susan K. Gauvey for a *Faretta* hearing.[7] On December 7, 2010, Judge Gauvey found that Mack "was not clearly seeking to represent herself," and that Mr. Welch would continue as court-appointed counsel. ECF No. 216 (Order).

On January 19, 2011, the Government opposed Mack's motions to suppress, adopt other defendants' motions, and file additional motions. ECF No. 218.

---

[6] Mr. El Bigbay appeared at trial and acknowledged that he is not an attorney.

[7] After a defendant invokes her right to self-representation, the court must hold a "*Faretta* hearing" to determine whether she is knowingly and intentionally waiving her right to counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975).

4

On February 7, 2011, the Government moved in limine to admit Mack's 2001 and 2004 possession with intent to distribute convictions.  ECF No. 224.  Trial began on February 14, 2011.

II. Analysis

A. Mack's Motion to Suppress Wiretap Evidence

Mack moved to suppress "all statements that the [G]overnment obtained by recording telephone conversations that the [G]overnment alleges to have been made by her"; without explanation, she asserts that the recordings "are not of the defendant,"[8] "were taken in violation of the Constitution," and "were taken in violation of [the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*]"  ECF No. 173 at 1.

Under 18 U.S.C. § 2518(3)(a), a wiretap applicant must show "probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense[.]"  To the extent that Mack relies on Winston Mack's January 20, 2009 motion to suppress, which argued that the January 22, 2008 affidavit failed to provide probable cause, the Court denied that motion on April 9, 2009.  ECF No. 69; ECF No. 191.  After reviewing the affidavit, the Court found that the transcribed calls provided probable cause that the telephone numbers were being used to arrange the distribution of narcotics.  *Id.* at

---

[8] Mack has not opposed the Government's argument that it will establish at trial that the recordings contain Mack's voice. ECF No. 218 at 4.

5

14:9–15:2. The Court adopts its prior reasoning and Mack's motion to suppress wiretap evidence will be denied.

B. Mack's *Pro Se* Petition for Writ of Habeas Corpus

In her *pro se* petition, Mack asserts that the Court lacks jurisdiction over her because she is a member of the Moorish Science Temple, which is an Islamic religious sect. ECF No. 207 at 1, 3; *Salaam v. Collins*, 830 F. Supp. 853, 854 (D. Md. 1993). Because Mack has been charged with violating the federal Controlled Substances Act, this Court has original federal jurisdiction over her regardless of her Moorish Science Temple membership.[9] This petition must be denied.

C. Government's Motion in Limine to Admit Prior Convictions

The Government seeks to admit Mack's 2001 and 2004 possession with intent to distribute convictions from the Circuit Court for Harford County. ECF No. 224 at 2-3. It asserts that these convictions will help show that Mack knew the drugs in this case were cocaine, and that she intended to distribute them

---

[9] *See* 18 U.S.C. § 3231 (federal district courts have "original jurisdiction [over] all offenses against the laws of the United States"); 21 U.S.C. § 841(a) (it is "unlawful" to knowingly or intentionally distribute or possess with intent to distribute a controlled substance); 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense[.]"); *see also United States v. Burris*, 231 F. App'x 281, 282 (4th Cir. 2007) (defendant's argument that the district court lacked jurisdiction over him because he was a "Moorish American National" was "patently frivolous").

with co-conspirators.  *Id.* at 4-6.  Mack has not opposed this motion.

Under Fed. R. Evid. 404(b):

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Rule 404(b) is an inclusionary rule; evidence of other crimes or acts is admissible unless it proves only criminal disposition.  *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997).  Evidence is admissible if it is (1) relevant to some issue other than the defendant's character, (2) necessary,[10] and (3) reliable.  *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988).  Further, the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice.  *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) (*citing* Fed. R. Evid. 403).  Limiting instructions provide additional protection to defendants.  *Id.*

Because a defendant's knowledge and intent are elements that the prosecution must establish to prove a conspiracy to violate 21 U.S.C. § 841(a)(1), Mack has "clearly placed these elements directly in issue by [her] plea of not guilty."  *United*

---

[10] Evidence is necessary when it is an "essential part of the crimes on trial" or it "furnishes part of the context of the crime."  *Rawle*, 845 F.2d at 1247 n.4.

*States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). Both possession with intent to distribute convictions are (1) probative of Mack's intent to conspire to distribute cocaine,[11] and (2) not unduly prejudicial. Further, the Government has asked for a limiting instruction when the convictions are admitted and at the close of the case. ECF No. 224 at 8. The Government's motion in limine will be granted.

III. Conclusion

For the reasons stated above, Mack's motion to suppress wiretap evidence (ECF No. 173) was denied, her *pro se* petition for writ of habeas corpus will be denied, and the Government's motion in limine to admit Mack's prior convictions will be granted.

<u>February 15, 2011</u>                          <u>       /s/                </u>
Date                                                 William D. Quarles, Jr.
                                                       United States District Judge

---

[11] *See, e.g.*, *United States v. Yearwood*, 518 F.3d 220, 230 (4th Cir. 2008) (possession with intent to distribute conviction was properly admitted under Rule 404(b) because it suggested intent to conspire to distribute); *see also United States v. Day*, 269 F. App'x 326, 327–28 (4th Cir. 2008) (same).