IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| TANYA MACK, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.:     WDQ-13-2199 |
| | * | CRIMINAL NO.:  WDQ-08-0348 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Tanya Mack was convicted of conspiracy to distribute 500 grams or more of cocaine hydrochloride and 50 grams or more of cocaine base. The Court sentenced Mack to 240 months imprisonment and ten years supervised release. Pending is Mack's supplemental motion to vacate under § 2255.[1] On August 26, 2015, the Court held a hearing on Mack's claims of ineffective assistance of counsel. For the following reasons, Macks's supplemental motion will be granted.

I.   Background

On July 24, 2008, a federal grand jury returned an indictment charging Tanya Mack with conspiracy to distribute 500 grams or more of cocaine hydrochloride and 50 grams or more of

---

[1] At the evidentiary hearing, Mack withdrew her other pending § 2255 motion (ECF No. 280).

cocaine base between January 2008 until March 2008.[2] ECF No. 1. On February 4, 2011, the Government filed a notice of enhanced penalty under 21 U.S.C. § 851 which increased the mandatory minimum sentence for the offense from ten years to twenty years without the possibility of parole. ECF No. 222. On February 17, 2011, a jury found Tanya Mack guilty. ECF No. 242. On June 28, 2011, the Court sentenced Mack to 240 months imprisonment and ten years supervised release. ECF No. 253.

On July 29, 2013, Mack, *pro se*, filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. ECF No. 280. Mack argued that her sentence violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the jury never found the exact amount of drugs attributable to Mack. ECF No. 280 at 3. The Government argued that the verdict sheet contained factual findings by the jury about the amount of drugs attributable to Mack, and that her sentence was in accordance with the sentencing enhancement under 21 U.S.C. § 851. ECF No. 282 at 3-4. Contrary to Mack's argument, the Court determined that the indictment charged her with conspiring to distribute a specific amount of drugs (500 grams or more of cocaine hydrochloride and 50 grams or more of cocaine base). ECF Nos. 79, 311. Further, the jury verdict sheet contains factual findings from the jury

---

[2] A superseding indictment was filed on March 5, 2009 adding charges against Mack's co-defendants, but she was still only charged in Count 1. ECF No. 79.

that she was guilty of conspiring to distribute these amounts. ECF Nos. 242, 311. Accordingly, on March 24, 2014, the Court found that there was no merit to Mack's original argument. ECF No. 311.

However, in Mack's reply to the Government's opposition, she stated that she had been unaware of the § 851 enhancement, and, if the enhancement had been communicated to her prior to trial, she would have considered a guilty plea. ECF No. 282 at 1-2. The Court interpreted this statement as a new claim for relief based on ineffective assistance of counsel. *See* ECF No. 311. The Court ordered appointment of counsel under the Criminal Justice Act and a hearing was scheduled to determine if counsel failed to communicate the § 851 enhancement. ECF Nos. 311, 314.

On July 7, 2015, Mack's counsel filed a supplemental motion to vacate under 28 U.S.C. § 2255.[3] ECF No. 313. On August 10, 2015, the Court ordered the government to respond to the supplemental motion. ECF No. 316. On August 17, 2015, the

---

[3] Although the supplemental motion primarily argues that counsel was ineffective because he failed to "seek re-sentencing in the District Court" and failed to argue on appeal that Mack was not subject to a 20-year mandatory minimum sentence under the Fair Sentencing Act, the Court reads the supplemental as raising two grounds for resentencing: (1) ineffective assistance and (2) Mack's sentence violates the law. The Court need not address the first ground, because the second provides the remedy Mack seeks.

government opposed the motion. ECF No. 317. On August 18, 2015, Mack replied. ECF No. 318.

On August 26, 2015, the Court held a hearing on the § 2255 claims.[4] At the hearing, Mack withdrew her argument that her trial counsel was ineffective for failing to communicate the § 851 enhancement. Mack, however, called prior counsel, William Welch, Esq., to testify on the issues in the supplemental motion.

II. Analysis

Under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" if (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." See also Hill v. United States, 368 U.S. 424, 426 (1962) (summarizing grounds for relief).

---

[4] To produce this opinion as soon as practicable, the hearing testimony is summarized from the Court's notes rather than waiting for an official transcript.

On August 3, 2010, the Fair Sentencing Act ("FSA")[5] was signed into effect. *See* 124 Stat. 2372 (2010); *Dorsey v. United States*, 132 S. Ct. 2321, 2328-29 (2012). The FSA "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively). *Dorsey*, 132 S. Ct. at 2329; *see also* § 2(a), 124 Stat. 2372. "The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1." *Id.* After the FSA, the Sentencing Commission promulgated emergency amendments to the sentencing guidelines which became effective on November 1, 2010. *Id.*

In *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011), the Fourth Circuit determined that the FSA did not apply retroactively to cases pending on direct appeal and was limited to conduct that occurred after August 3, 2010. In *Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012), the Supreme Court ruled that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010 [the date the Fair Sentencing Act was enacted], but who are sentenced after that date." Thus, *Bullard*

---

[5] Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

"[was] limited to the extent that the Fair Sentencing Act *does* apply to all sentences handed down after its enactment." *United States v. Allen*, 716 F.3d 98, 106-07 (4th Cir. 2013) (discussing the effect of *Dorsey*). "On June 29, 2012 alone, 37 petitions were granted [by the Supreme Court] and the judgments vacated and cases remanded based on *Dorsey*." ECF No. 318 at 1.

The Court sentenced Mack on June 28, 2011 (i.e., pre *Dorsey*), and thus did not apply the new amendments under the FSA. *See* ECF No. 253. Mack's supplemental motion contends that her sentence violates the law.

It is clear from *Dorsey*, that Congress intended the FSA to apply to cases--such as Mack's--in which the criminal conduct occurred before the FSA, but the sentencing occurred after.[6] 132 S. Ct. 2321, 2331. In *United States v. Bailey*, 777 F. 3d 904, 905-07 (7th Cir. 2015), a defendant moved under 18 U.S.C. § 3582 to modify his sentence pursuant to *Dorsey*. The Seventh Circuit held that § 3582 was an improper mechanism for such relief:

> The stronger basis for relief here is 28 U.S.C. § 2255, the general post-conviction remedy for convicted federal prisoners. Section 2255(a) authorizes relief when a sentence was imposed in violation of the laws of the United States. Bailey was sentenced on the

---

[6] Although the government opposed Mack's § 2255 supplemental motion because it argued that counsel was effective, the government never argued that *Dorsey* does not apply to Mack and offered no argument why Mack should not be resentenced in accordance with *Dorsey*.

> mistaken belief that federal law required a 20-year mandatory minimum sentence. That view was certainly understandable. It was consistent with this circuit's law at the time. Nevertheless, the Supreme Court's decision in *Dorsey* shows that was a mistake and that the statutory minimum was 10 years.

*Id.* at 907 (citations omitted). Other courts have also used § 2255 to provide petitioners relief under *Dorsey*.[7]

Here, as the Seventh Circuit described in *Bailey*, the Court sentenced Mack "on the mistaken belief that federal law required a 20-year mandatory minimum sentence." 777 F. 3d at 909. Although understandable, this was in violation of the law. Pursuant to *Dorsey*, Mack is entitled to the benefits of the FSA. Accordingly, the Court will grant Mack's Supplemental Motion to Vacate under 28 U.S.C. § 2255 and order resentencing in accordance with the FSA.

---

[7] *See, e.g., United States v. Little*, 2013 WL 5819629, at *2-4 (E.D. Mich. Oct. 29, 2013) (determining that § 2255 was the proper procedural vehicle for reductions under *Dorsey*); *United States v. Curry*, 2013 WL 5530345, at *2-3 (W.D. La. Oct. 4, 2013); *Tift v. United States*, 2012 WL 6962061, at *2-3 (M.D. Ga. Nov. 28, 2012) ("Petitioner is entitled to the benefits of the FSA pursuant to *Dorsey*. Petitioner committed the cocaine base offense on or about June 15, 2010, before the FSA's enactment. Petitioner was not sentenced until March 31, 2011, after the FSA's enactment. As such, Petitioner is the type of defendant contemplated by the Supreme Court in *Dorsey*. Petitioner is therefore entitled to be resentenced in accordance with the FSA.").

III. Conclusion

For the reasons stated above, the Court will grant Mack's supplemental motion.

__8/27/15__  
Date

__[signature]__  
William D. Quarles, Jr.
United States District Judge