# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANYA VALENCIA MACK | * | |
| Petitioner | * | |
| v | * | Crim. Case: JKB-08-348 |
| | | (Related Civil Action: JKB-18-1379) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## **MEMORANDUM**

In response to petitioner Tanya Valencia Mack's motion to vacate (ECF 364), respondent asserts that the motion is subject to dismissal because it is time-barred. ECF 366. Mack filed replies seeking equitable tolling of the limitations period and also arguing that the statute of limitations did not apply to her case. ECF 367, 371. The court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the motion must be denied and a certificate of appealability shall not issue.

After a jury trial conducted from February 13, 2011 to February 17, 2011, Mack was convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. *See* ECF 242.

On June 28, 2011, Mack was sentenced to serve 240 months in prison, followed by 10 years supervised release. *See* ECF 251. Mack timely appealed her conviction to the Fourth Circuit Court of Appeals. *See* ECF 255. The Fourth Circuit affirmed her conviction and sentence on October 18, 2012. ECF 268, *see also United States v. Tanya Mack*, 495 F. App'x 359 (4th Cir. 2012).

Mack filed a petition, on July 29, 2013, pursuant to 28 U.S.C. § 2255 alleging that her sentence of 240 months should be vacated in light of *Alleyne v. United States*, 570 U.S. 99 (2013) (holding any fact that increases mandatory minimum sentence for crime is an element of the crime that must be submitted to the jury). ECF 280. The government was directed to respond (ECF 281) and ultimately the court granted Mack a new sentencing hearing. ECF 321. After the new sentencing hearing, held on September 24, 2015, the Court re-imposed its original sentence. ECF 328.

Mack appealed her sentence (ECF 327) and on October 31, 2016, the Fourth Circuit affirmed the judgment of the District Court. ECF 353. The Court's mandate issued on November 22, 2016. ECF 356. Mack timely filed a petition for writ of certiorari which was denied on March 29, 2017. ECF 362. Mack's conviction became final for purposes of the filing deadline for a motion to vacate pursuant to 28 U.S.C. §2255 on the date the petition for certiorari was denied. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Accordingly, under the limitations period specified in § 2255(f)(1), Mack's § 2255 motion was due to be filed in this court on or before March 29, 2018.

The pending motion to vacate is deemed filed on May 8, 2017. ECF 364 at 17; *see Houston v. Lack*, 487 U.S. 266, 270-72 (setting forth the prison mailbox rule). The motion is therefore untimely unless Mack can establish she is entitled to equitable tolling of the limitation period, or her motion otherwise fits within the exceptions found in 28 U.S.C. §2255(f). The statute provides for a one-year limitation period which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). As noted, the motion is untimely under the provision found in § 2255(f)(1), *i.e.*, it was filed more than one year from the date on which the judgment of conviction became final. Mack does not argue, and the court does not find, that any of the other provisions of §2255(f) apply to Mack's motion.

To be entitled to equitable tolling, Mack must establish that either some wrongful conduct by Respondent contributed to her delay in filing her Motion to Vacate, or that circumstances beyond her control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* In her replies, Mack generically asserts that she is entitled to equitable tolling of the limitations period without providing any specific facts in support of her contention. As such, Mack has failed to establish factors warranting equitable tolling of the statute of limitation.

Likewise her arguments that the statute of limitations does not apply to her case (ECF 371) because there is not statute of limitations for a habeas petition is conclusory and without legal support. Her contention that § 2255(f)'s limitations period violates the Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2 (ECF 371 at 1), is without merit. In *Felker v. Terpin*, a case which ruled that the limitation on successive habeas corpus petitions introduced by the Antiterrorism and Effective Death Penalty Act of 1996 did not violate the Suspension Clause, the Supreme Court explained that "[T]he power to award the writ by any of the courts of

the United States, must be given by written law and we have likewise recognized that judgments about the proper scope of the writ are normally for Congress to make." *Felker v. Terpin*, 518 U.S. 651, 664 (1996) (internal quotation marks and citation omitted).[1] Having concluded that the motion to vacate was filed beyond the statute of limitations, the court will dismiss the motion as untimely in a separate order which follows.

When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, (684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Mack has not demonstrated that a certificate of appealability is warranted in this case, but she may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Dated this 19th day of October, 2018 .

                                          FOR THE COURT:

                                          _____/s/_____
                                          James K. Bredar
                                          Chief Judge

---

[1] Moreover, § 2255 reflection an extension of the scope of the writ of habeas corpus as it existed when the Constitution was written, at which time the writ was unavailable to individuals like Mack who were "detained in prison by virtue of the judgment of a court, which court possesses general and final jurisdiction in criminal cases." *Felker*, 518 U.S. at 663.