IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO.  JKB-08-348 |
| TANYA VALENCIA MACK, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

The Defendant Tanya Valencia Mack was sentenced to a period of 240 months' imprisonment after being found guilty of Conspiracy to Distribute & Possess with Intent to Distribute Narcotics. (ECF No. 330.)  Mack is currently incarcerated at FCI Danbury.  She has now filed a Motion for Compassionate Release (ECF No. 401) in light of the COVID-19 Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Though it is unclear based on Mack's submission whether she has "fully exhausted all administrative rights to appeal," it does appear

that she submitted a request for release to the warden of FCI Danbury more than 30 days ago, and the Court will assume without deciding that her motion is procedurally ripe.  Therefore, the question facing the Court is whether Mack has provided evidence establishing the existence of "extraordinary and compelling" reasons for her release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  The Commission has stated that "extraordinary and compelling reasons" exist where: 1) a defendant has a terminal or serious medical condition; 2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of her term of imprisonment; 3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or 4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-

19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish her entitlement to compassionate release by demonstrating that she "(1) has a condition that compellingly elevates [her] risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in [her] particular institution than if released.").

Mack has failed to provide evidence establishing that she has a medical condition rendering her uniquely susceptible to COVID-19. Mack is 49 years old and her motion states that she has hypertension, which is "a common, significant comorbidity of COVID-19." *United States v. Dunlap*, Crim. No. 02-165-1, 2020 WL 2062311, at *2 (M.D.N.C. Apr. 29, 2020) (citing medical sources). However, Mack has failed to provide medical records documenting the existence or severity of her condition. Absent such records, the Court is in no position to determine whether preexisting conditions "compellingly elevat[e] [Mack's] risk of becoming seriously ill, or dying, from COVID-19." *Lewin*, 2020 WL 3469516, at *3. Additionally, the Court notes that according to the BOP website, there is currently only one confirmed active case of COVID-19 at FCI Danbury, which indicates that Mack is not presently at a particularly heightened risk of contracting COVID-19. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 1, 2020).

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Mack's legitimate concerns about her living situation. Even absent active cases of infection at a given institution, the presence of the COVID-19 pandemic has required BOP to adopt procedures which have rendered life more difficult for many incarcerated individuals. The Court also acknowledges Mack's frustration with the process employed by BOP in determining and

communicating which individuals will be released to home confinement. However, Mack's motion provides no basis upon which the Court can differentiate her situation from that of the hundreds of other inmates at FCI Danbury or find "extraordinary and compelling reasons" for her release. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release" absent individual special circumstances.).

Accordingly, Mack's Motion for Compassionate Release (ECF No. 401) is DENIED without prejudice to her ability to file an updated motion attaching medical records and any additional relevant documentation.

DATED this 2nd day of July, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge
